# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BURL WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LANCE WHITE, et al., )<br>)<br>Defendants. ) | No. 4:08-CV-28 CAS |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Burl Washington, an inmate at St. Francois County Jail, for leave to commence this action without payment of the required filing fee. The motion will be granted. Additionally, the Court will dismiss the case under 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted.

### **28 U.S.C. § 1915(b)**

Normally, a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). However, where a prisoner has no funds whatsoever to pay a partial initial filing fee, the prisoner should still be allowed to proceed in forma pauperis. 28 U.S.C. § 1915(b)(4). In this case, plaintiff has no assets, and the Court will allow plaintiff to proceed without payment of any filing fee.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for unconstitutional false arrest. Named as defendants are Lance White (a Missouri State Highway Patrolman), and the Missouri State Highway Patrol. The complaint seeks monetary relief.

Plaintiff alleges that defendant White "filed false charges" against him alleging unlawful distribution of a controlled substance. Plaintiff claims that the charges led to his arrest and subsequent prosecution. Plaintiff says that he had a valid prescription for the controlled substances and that he did not sell those substances to White in a controlled buy.

### Discussion

The complaint fails to state a claim against the Missouri State Highway Patrol because agencies exercising state power are not "persons" subject to suit under § 1983. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

The complaint is silent as to whether defendant White is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v.

Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint will be dismissed under 28 U.S.C. § 1915(e) because it fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

                                              */s/ Charles A. Shaw*
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this    29th    day of January, 2008.